FILED
SEP 29 2025
U.S. Court of Appeals
Eighth Circuit

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNION PACIFIC RAILROAD COMPANY,

    *Petitioner,*

v.

SURFACE TRANSPORTATION BOARD
and UNITED STATES OF AMERICA,

    *Respondents.*

**25-2919**

Case No. _____

# PETITION FOR REVIEW

Under 28 U.S.C. §§ 2321, 2342(5) and 2344 and Federal Rule of Appellate Procedure 15, Union Pacific Railroad Company petitions this Court to review final agency action by the Surface Transportation Board.

***Nature of the proceedings as to which review is sought***: This petition seeks review of the Board's September 3, 2025 decision in *Commuter Rail Division of the Regional Transportation Authority d/b/a Metra—Terminal Trackage Rights—Union Pacific Railroad Company*, Docket No. FD 36844 (attached as Exhibit A). In this decision, the Board granted an application by the Commuter Rail Division of the Illinois Regional Transportation Authority, known as "Metra," for terminal

trackage rights under 49 U.S.C. § 11102(a) to operate Metra's commuter-rail trains on three rail lines owned and operated by Union Pacific.

***Facts on which venue is based***: Venue is proper in this Court because Union Pacific's principal place of business is in Omaha, Nebraska, in this circuit. *See* 28 U.S.C. § 2343. This petition is timely under because it is filed within 60 days after the decision's September 3 issuance. *Id.* § 2344.

***Grounds on which relief is sought***: The Board's action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or without observance of procedure required by law. *See* 5 U.S.C. § 706(2). The Board erred by exercising jurisdiction over Metra's application (and thus denying Union Pacific's motion to dismiss); by finding that Metra's application addressed "terminal facilities, including main-line tracks for a reasonable distance outside of a terminal," 49 U.S.C. § 11102(a); by finding that Metra's requested relief was "practicable and in the public interest," *id.*; and by immediately granting Metra trackage rights without setting any terms and conditions or compensation for those rights.

2

***Relief sought***: The Court should hold unlawful and set aside the Board's September 3 decision. *See* 5 U.S.C. § 706(2).

| | |
|---|---|
| September 29, 2025 | /s/ *Raymond A. Atkins* <br> Raymond A. Atkins <br> Allison C. Davis <br> Tobias S. Loss-Eaton <br> Stephen S. Laudone <br> SIDLEY AUSTIN LLP <br> 1501 K Street, N.W. <br> Washington, D.C. 20005 <br> tlosseaton@sidley.com <br> (202) 736-8000 <br><br> *Counsel for Petitioner* |

# CERTIFICATE OF SERVICE

On September 29, 2025, I caused a copy of this petition for review to be served by U.S. Postal Service registered mail, with request for a return receipt on the following party that was admitted to participate in the agency proceedings:

Peter A. Pfohl
Robert D. Rosenberg
Slover & Loftus LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036

*Attorneys for the Commuter Rail Division
of the Regional Transportation Authority d/b/a Metra*

                                            /s/ *Raymond A. Atkins*
                                            Raymond A. Atkins

                                            *Counsel for Petitioner*