# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No. 25-2919
_____

UNION PACIFIC RAILROAD COMPANY,
*Petitioner,*

v.

SURFACE TRANSPORTATION BOARD and
UNITED STATES OF AMERICA,
*Respondents,*

**RESPONDENT SURFACE TRANSPORTATION BOARD'S RESPONSE OPPOSING PETITIONER'S MOTION FOR STAY PENDING REVIEW**
_____

ANIKA S. COOPER
Chief Counsel
Surface Transportation Board
Washington, DC 20423-0001
(202) 578-4155
anika.cooper@stb.gov

SCOTT M. ZIMMERMAN
Acting Deputy Chief Counsel

ADAM M. KRESS
Associate Counsel - Litigation

CAROLYN J. CHACHKIN
Attorney

September 30, 2025

Respondent Surface Transportation Board (STB or Board)[1] hereby responds to Petitioner Union Pacific Railroad Company's (UP's) Motion to Stay the effectiveness of the Board's September 3, 2025 decision granting Commuter Rail Division of the Regional Transportation Authority d/b/a Metra (Metra) rights under 49 U.S.C. § 11102(a) to operate over certain UP tracks in the Chicago area. *See* UP Mot. to Stay, Doc. ID #5562579 (Motion); *Metra—Terminal Trackage Rights—Union Pac. R.R.*, FD 36844 (STB served Sept. 3, 2025) (Decision), attached as Exhibit A to the Motion. UP's Motion is moot and does not meet the requirements of Federal Rule of Appellate Procedure 18 because the Board has imposed, on a temporary basis, interim indemnification terms governing Metra's use of UP's trackage, consistent with the relief requested in UP's Petition for Interim Condition or Stay, which UP filed before the Board concurrently with its Motion.

UP filed its Motion to Stay in this Court yesterday evening, on September 29, 2025. The Motion criticizes the Board's decision not to set at least "interim" conditions for use and compensation before granting Metra terminal trackage rights over UP's property (Motion at 2-3), notwithstanding statutory language

---

[1] The Board is an independent regulatory agency charged with economic regulation of the interstate freight rail industry. The Board's responsibilities are governed by the Interstate Commerce Act, 49 U.S.C. §§ 10101 et seq., as amended by the ICC Termination Act of 1995, Pub. L. 104-88, 109 Stat. 803 (1995).

1

specifying that the Board "may" establish such conditions only "if the rail carriers cannot agree" in the first instance. In particular, UP's Motion focuses on the lack of any interim terms for indemnity. *See, e.g.*, Motion at 4-5, 8, 11-12, 18-19; *see also id.* at 22 ("[G]iven the lack of clear indemnity protections, the risks and burdens of protracted negotiations will fall disproportionately on Union Pacific.").

Also yesterday, on September 29, 2025, UP filed with the Board a Petition for Interim Condition or Stay. Consistent with its focus on indemnity terms, UP requested a Board order either: (1) imposing, on an interim basis, the indemnification terms under the parties' now-expired "purchase-of-service agreement" (PSA); or, alternatively, (2) staying the Board's Decision pending judicial appeal "or until Metra agrees to indemnification terms." *See* Motion at 12; UP Pet. for Interim Condition or Stay, *Metra—Terminal Trackage Rights—Union Pac. R.R.*, FD 36844, at 1-2 (filed Sept. 29, 2025) (Petition), attached hereto as Exhibit 1. Earlier today, September 30, 2025, the Board issued an order imposing, on a temporary basis, relief consistent with UP's request. *See* Exhibit 2.

Under Federal Rule of Appellate Procedure 18, a petitioner "must ordinarily move first before the agency for a stay [of its order] pending [judicial] review[.]" Fed. R. App. P. 18(a)(1). In addition, any motion to stay in an appeals court "must" "(i) show that moving first before the agency would be impracticable; or

2

(ii) state that, a motion having been made, the agency denied the motion or failed to afford the relief requested." Fed. R. App. P. 18(a)(2)(A).

Here, UP's Petition to the Board technically may have abided by Rule 18(a)(1)'s entreaty to move for a stay "first before the agency"—albeit by a matter of mere *hours*. However, UP's Motion does not meet Rule 18(a)(2)'s requirement to establish that the agency has denied the Petition or otherwise failed to afford the relief requested therein. Just one day after UP filed its Petition with the Board, the Board imposed, on a temporary basis, interim indemnification terms governing Metra's use of UP's trackage, consistent with UP's request. Exhibit 2 at 4. This action moots UP's stay arguments before this Court and renders it impossible for UP to meet the procedural requirements of Rule 18. Its Motion must therefore be denied.

Respectfully submitted,

SCOTT M. ZIMMERMAN  
Acting Deputy Chief Counsel

ADAM M. KRESS  
Associate Counsel - Litigation

CAROLYN J. CHACHKIN  
Attorney

/s/ *Anika S. Cooper*  
ANIKA S. COOPER  
Chief Counsel  
Surface Transportation Board  
Washington, DC 20423-0001  
(202) 578-4155  
anika.cooper@stb.gov

September 30, 2025

# CERTIFICATE OF COMPLIANCE

1. This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A)'s type-volume limitation because it contains 674 words (as determined by the Microsoft Word word-processing system used to prepare it).

2. This motion complies with Rule 27(d)(1)(E)'s typeface and type-style requirements because it has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.

# CERTIFICATE OF SERVICE

On September 30, 2025, I caused a copy of the foregoing document to be filed through the Court's electronic filing system, which will serve copies on all registered counsel.

                                            */s/ Anika S. Cooper*
                                            Anika S. Cooper

                                            *Counsel for Respondent Surface Transportation Board*