*In the*

# United States Court of Appeals
### *for the*
## Eighth Circuit

UNION PACIFIC RAILROAD COMPANY,
*Petitioner*,

– v. –

SURFACE TRANSPORTATION BOARD AND
UNITED STATES OF AMERICA,
*Respondents*.

## MOTION TO INTERVENE AS OF RIGHT
## OF THE COMMUTER RAIL DIVISION OF THE REGIONAL
## TRANSPORTATION AUTHORITY, D/B/A METRA

Pursuant to 28 U.S.C. §§ 2323, 2348 and Federal Rule of Appellate Procedure 15(d), the Commuter Rail Division of the Regional Transportation Authority (Metra) respectfully moves to intervene as of right in the above-captioned proceeding in support of Respondents the Surface Transportation Board and the United States of America (STB or the Board).

### BACKGROUND

Metra oversees the provision of commuter rail service in the greater Chicago region, in a service area encompassing northeast Illinois and

1

southeast Wisconsin.[1] Three of Metra's busiest commuter rail lines (the UP Lines) run on tracks owned by Union Pacific. Passenger service on these lines predates the Civil War, and Metra (or its predecessor) and Union Pacific (or its predecessor) have contracted to provide critical commuter rail service on these lines since the 1970s, with service operated by Union Pacific until recently.

In 2019, Union Pacific informed Metra that it intended to discontinue its operation of commuter rail service. Since then, the parties have negotiated a transition of commuter rail operations to Metra, with service substantially transitioning on May 16, 2025. Metra has also sought to negotiate a new agreement to replace the purchase of service agreement (the PSA) that expired on June 30, 2025; no new agreement has yet been reached. On March 7, 2025, to ensure the long-term continuity of commuter rail service for tens of thousands of passengers who rely on the UP Lines daily, Metra filed before the STB an application for terminal trackage rights, pursuant to 49 U.S.C. § 11102(a). *See generally Commuter Rail Division of the Regional Transportation Authority d/b/a/ Metra—Terminal Trackage*

---

[1]  Metra consists of two different governmental entities: the Commuter Rail Division (CRD) and the Northeast Illinois Regional Commuter Railroad Corporation (NIRCRC). Metra is a service mark owned by CRD, which CRD uses to brand all commuter rail services, including those operated by NIRCRC or a private railroad company.

2

*Rights—Union Pacific Railroad Company,* Surface Transportation Board, Finance Docket No. 36844.

On September 3, 2025, the STB granted Metra's application for terminal trackage rights. *See generally* Pet. Ex. A. The Board declined, however, to set interim or final terms and conditions related to Metra's use of the UP Lines in the first instance. *Id.* at 32-33. Rather, the STB ordered the parties to negotiate over interim and final terms and conditions, stating that, if the parties could not agree to interim or final terms and conditions, it would set those terms with any relevant relief applying retroactively "from July 1, 2025." *Id.* at 32. The Board was clear that either party "may request the Board to establish compensation and/or conditions of use" at any time. *Id.* at 33.

On September 29, 2025, Union Pacific petitioned for review of the STB order granting Metra terminal trackage rights.

## STATEMENT OF INTEREST

As a party to the proceeding below, Metra is entitled to appear in this action "as of right." 28 U.S.C. § 2323 ("[A]ny party or parties in interest to the proceeding before the Board in which an order or requirement is made, may appear as parties of their own motion and as of right, and be represented by their counsel, in any action involving the validity of such order or requirement or any part thereof, and the interest of such party."); *see also*

Appellate Case: 25-2919     Page: 3     Date Filed: 10/02/2025 Entry ID: 5564093

28 U.S.C. § 2348 (similar); *Bhd. of R. R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 531, 67 S. Ct. 1387, 1393, 91 L. Ed. 1646 (1947) (where, as here, a statute permits a party's intervention as of right, "the right to intervene is absolute and unconditional").

Metra is a party in interest of the ongoing STB proceeding, which Metra initiated. The order Union Pacific seeks to challenge, arising from that proceeding, benefits Metra by securing Metra's statutory right to use the UP Lines. Union Pacific's Petition for Review directly and significantly affects Metra's interests by seeking to invalidate that order. Metra therefore has a direct and substantial interest in the outcome of the petition for review.

## CONCLUSION

For the foregoing reasons, the Court should grant Metra's motion to intervene with full rights attendant thereto.

Dated: October 2, 2025                              Respectfully submitted,

Appellate Case: 25-2919     Page: 4     Date Filed: 10/02/2025 Entry ID: 5564093

/s/ *Paul W. Hughes*

PAUL W. HUGHES
ANDREW A. LYONS-BERG
MARY H. SCHNOOR
EMMETT WITKOVSKY-ELDRED
  *McDermott Will & Schulte LLP*
  *500 North Capitol Street NW*
  *Washington, DC 20001*
  *(202) 756-8000*


*Counsel for the Commuter Rail Division of the Regional Transportation Authority, d/b/a Metra*

5

No. 25-2919

_____

*In the*

# United States Court of Appeals
*for the*
## Eighth Circuit

_____

UNION PACIFIC RAILROAD COMPANY,
*Petitioner*,

– v. –

SURFACE TRANSPORTATION BOARD AND
UNITED STATES OF AMERICA,
*Respondents*.

**CORPORATE DISCLOSURE STATEMENT**

_____

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Metra states as follows:

Metra, an Illinois municipal corporation, is established under the Regional Transportation Act (70 ILCS 3615/3B.01), and no individual or entity owns, directly or indirectly, 10% or more of it.

1

Dated: October 2, 2025

Respectfully submitted,

/s/ *Paul W. Hughes*

PAUL W. HUGHES
ANDREW A. LYONS-BERG
MARY H. SCHNOOR
EMMETT WITKOVSKY-ELDRED
  *McDermott Will & Schulte LLP*
  *500 North Capitol Street NW*
  *Washington, DC 20001*
  *(202) 756-8000*


*Counsel for the Commuter Rail Division of the Regional Transportation Authority, d/b/a Metra*

2

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), the under-signed counsel for Intervenor certifies that this document:

(i)     complies with Rule 27(d)(2)(A) because it contains 682 words, including footnotes and excluding the documents authorized by Rule 27(a)(2)(B); and

(ii)     complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 365 and is set in New Century Schoolbook in a size equal to 14-point font.

Dated: October 2, 2025                    /s/ *Paul W. Hughes*

**CERTIFICATE OF SERVICE**

I hereby certify that that on October 2, 2025, I filed the foregoing document via the Court's CM/ECF system, which effected service on all registered parties to this case.


Dated: October 2, 2025                    /s/ *Paul W. Hughes*