# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Union Pacific Railroad Company,

*Petitioner*,

v.

Surface Transportation Board and United States of America,

*Respondents*,

Commuter Rail Division of the Regional Transportation Authority, doing business as Metra,

*Intervenor*.

Case No. 25-2919

## UNION PACIFIC'S RESPONSE TO RESPONDENTS' STATUS REPORT

The Court should decline to further delay briefing in this case, as suggested in Respondents' November 24 status report, and instead reset briefing deadlines consistent with Respondents' own prior proposal. Respondents' request would cause delay, inefficiency, and prejudice, with no offsetting benefit to judicial economy.

1. In this case, Union Pacific Railroad Company challenges the Surface Transportation Board's September 3, 2025 order granting

Metra's application for terminal trackage rights to operate its commuter trains on three Union Pacific–owned rail lines in the greater Chicago area. For many years, Metra trains operated on Union Pacific's lines under a written contract between the two railroads, but that contract expired on June 30, 2025. The Board's September 3 order now gives Metra an immediate federal statutory right to use and occupy Union Pacific's private property without Union Pacific's consent. Union Pacific contends that the Board's order is unlawful and must be set aside for multiple reasons.

2. The trackage-rights statute contemplates a multi-step analysis. The first question is whether an applicant is entitled to trackage rights. *See* 49 U.S.C. § 11102(a). If so, the next question is what terms should govern the exercise of those trackage rights and what compensation the applicant must pay the other railroad. *See id.*

3. The Board's September 3 order addressed the first question but failed to address the second question, instead directing the parties to negotiate terms and compensation for Metra's use of Union Pacific's lines (despite allowing Metra's use immediately). The Board said that, if the parties ultimately cannot agree, either party can ask the Board to initiate

2

further proceedings to set access terms and compensation. The parties are currently negotiating. Neither party has requested, nor has the agency instituted, further proceedings to set final terms or compensation.

4. When this case was docketed, on September 29, the Court entered an order setting the following briefing schedule:

- **Certified List (from agency):** 11/10/2025
- **Opening Brief, Addendum, and Appendix:** 11/24/2025
- **Response Brief:** 30 days after the opening brief docket notice.
- **Reply Brief:** 21 days after the response brief docket notice.

Under this schedule, briefing would have been completed by mid-January 2026.

5. On October 1, 2025, the Board filed an unopposed motion to hold this case in abeyance due to the lapse in federal government appropriations. The Board noted that, once appropriations were restored, it "anticipate[d] requesting at that time that all impacted deadlines be extended commensurate with the duration of the lapse in appropriations"—meaning each deadline would be pushed back by the number of days the government shutdown lasted.

3

6. On November 5, the Court granted the Board's abeyance motion and directed the Board "to provide a status report on this case within ten days of the restoration of appropriations."

7. On November 12, the lapse in government appropriations ended. The shutdown lasted 43 days. Thus, under the day-for-day approach the Board's abeyance motion suggested, the certified list would be due on December 23 and Union Pacific's brief would be due on January 6.

8. Respondents' November 24 status report abandons the Board's previously suggested approach. It instead requests that the Court set near-term deadlines for motions practice so the Board can move to hold the entire case in abeyance "pending resolution of the outstanding issues before the agency."

9. The Court should decline that request. There is no basis to further delay adjudicating whether the Board's September 3 order is lawful. Though abeyance may be proper to await the outcome of another proceeding that will help resolve the pending one, this is not such a case. *See Riffin v. STB*, No. 17-1161, 2018 WL 1902521, at *1 (D.C. Cir. Jan. 12, 2018) (denying abeyance motion because the movant had "not

4

demonstrated that a ruling in [another pending case] … could resolve any of the issues presented in the current petition for review").

10. This appeal addresses the legality of the Board's September 3 order—whether the agency had authority to grant Metra the right to use Union Pacific's lines and whether it properly applied the statutory standards in doing so. By contrast, an appeal from any eventual Board order setting terms and compensation will address different questions—whether any operational terms are reasonable and whether compensation satisfies "the principle[s] controlling compensation in condemnation proceedings." 49 U.S.C. § 11102(a). In short, this appeal asks *whether* Metra has trackage rights at all, and a potential later appeal would ask, *if so*, on what terms? These inquiries do not materially overlap, so there is no risk of "piecemeal adjudication," as Respondents contend.

11. What's more, the Board's requested abeyance would be lengthy and indefinite. The parties are currently negotiating potential terms to govern Metra's exercise of trackage rights, as the Board's September 3 order directed. There is no deadline for that process, and neither party has asked the Board to intervene. If the Board does eventually commence a new round of proceedings to address terms and

5

compensation, any resolution may be months away at the earliest. The Board is thus asking the Court to put this case on hold for an uncertain— but likely quite long—period of time.

12. The Board's requested abeyance would also be inefficient. If the September 3 trackage-rights order is unlawful, as Union Pacific contends, then everything that follows from that order is moot: The parties need not continue negotiations under the Board's auspices, the Board need not begin further proceedings, and the parties need not litigate (and the Court need not resolve) any challenges to such future Board decisions. Abeyance will require some combination of these things to happen, when they may prove unnecessary. That is not a good use of party, agency, or court resources.

13. On the other hand, abeyance cannot moot or simplify the issues presented on this appeal. Even if Union Pacific and Metra ultimately agree on terms to govern Metra's exercise of trackage rights, those terms will be subject to the Board's September 3 order—and to Union Pacific's right to challenge that order here. So whatever happens, the Court will still need to resolve this appeal. In turn, the question is simply whether to resolve it now, or much later.

6

14. Finally, abeyance would be prejudicial to Union Pacific. Metra is already operating on Union Pacific's lines without Union Pacific's agreement due to the Board's order. But because the Board has declined to set compensation, Metra is paying only what it *would have owed* for this access under the parties' now-expired contract. Union Pacific is thus being dramatically underpaid for access to, and use of, its property. And while the agency suggested it could eventually require a retroactive true-up, "a given sum of money in hand is worth more than the like sum of money payable in the future." *Monessen Sw. Ry. v. Morgan*, 486 U.S. 330, 339 (1988).

15. Abeyance will also exacerbate the imbalance in bargaining power created by the Board's order, which already gave Metra what it wants in these proceedings. Bargaining with a party that already holds a statutory trump card is not a level playing field. Abeyance will simply prolong this imbalance between the negotiating parties.

16. Given these harms to Union Pacific from delay, the Board "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). It cannot do so.

7

17. The Court should thus decline to delay briefing in this case so it can entertain a motion for indefinite abeyance, and instead enter the following initial briefing deadlines:

- **Certified List (from agency):** 12/23/2025
- **Opening Brief, Addendum, and Appendix:** 1/9/2026

This schedule tracks the day-for-day approach the Board previously suggested, with a three-day extension of Union Pacific's deadline to reflect the year-end holidays.

For these reasons, the Court should reject the Board's request to further delay briefing by setting deadlines for motions practice on abeyance. The Court should instead enter the proposed schedule above.

November 25, 2025

Respectfully submitted,

/s/ *Tobias S. Loss-Eaton*
Raymond A. Atkins
Allison C. Davis
Tobias S. Loss-Eaton
Stephen S. Laudone
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
tlosseaton@sidley.com
(202) 736-8000

*Counsel for Petitioner*

# CERTIFICATE OF SERVICE

On November 25, 2025, I caused a copy of the foregoing document to be filed through the Court's electronic filing system, which will serve copies on all registered counsel.

 /s/ *Tobias S. Loss-Eaton*
Tobias S. Loss-Eaton

*Counsel for Petitioner*
